CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 03 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY RESTO DIAZ, | ) |
| Plaintiff, | ) Civil Action No. 7:09-cv-00017 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| JERRY RESTO DIAZ, | ) By: Hon. Samuel G. Wilson |
| Defendant. | ) United States District Judge |

Plaintiff Jerry Resto Diaz, a federal inmate proceeding pro se, brings this civil action against himself, purporting to raise claims under federal statutes and rules. Diaz did not prepay the $350.00 filing fee required to file a civil action in this court. Accordingly, the court construed and filed the action as one arising under the court's federal question jurisdiction, pursuant 28 U.S.C. §1331 and seeking in forma pauperis status, pursuant to 28 U.S.C. § 1915(a). Upon review of the complaint, the court grants Diaz in forma pauperis status and dismisses this action pursuant to 28 U.S.C. §1915(e)(2)(B)(i) as frivolous.

I.

Diaz, an inmate at the United States Penitentiary in Lee County, Virginia ("USP Lee"), states that his civil action is filed pursuant to Fed. R. Civ. P. 9(h), "specifically Rule C Special Provision to enforce a Maritime lien granted for salvage Service." Diaz requests "certain procedural safeguards under the Admiralty Jurisdiction of the Court, Due Process and Equal Protection of law"; issuance of a "'WARRANT FOR ARREST' against bailed goods of "SALVOR" Jerry Resto Diaz pledged as an exchange for the release of insolvent, Distressed U.S. Vessel JERRY RESTO DIAZ (ens legis) charged under indictment 96-00075 in the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO"; court adjudication of his "possessory rights of bailed goods, i.e. 'SALVOR' Jerry Resto Diaz"; and enforcement of a lien which he claims he has in "all property

1

and/or COLLATERAL held under the name of the U.S. Vessel JERY RESTO DIAZ." Other attachments to the "complaint" include a "filing fees waiver request," "bill of lading order," "complaint verification," "affidavit in truth," State of Florida UCC Financing Statement Form, and interrogatories. In sum, it appears from his submissions that Diaz is arguing that he has a possessory interest in himself, and asks the court to release him from BOP custody and deliver him to himself.

## II.

A complaint filed in forma pauperis may be summarily dismissed under § 1915(e)(2)(B) if the court determines that the claims are frivolous, malicious, or fail to state any actionable claim. Principles requiring liberal construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir.1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278.

Diaz apparently seeks release from prison based on documents he created in reliance on his rather tenuous interpretation of the Uniform Commercial Code and other federal statutes and rules. The court finds that his claims are patently frivolous. Even liberally construed, the complaint does not state a viable federal legal claim upon which Diaz is entitled to have his federal criminal sentence of imprisonment vacated or set aside under 28 U.S.C. § 2255 such that the court could construe his pleading and transfer the instant action as a § 2255 motion to the district court where Diaz was sentenced. Nor does he assert any constitutional infirmity in the way in which his sentence has been calculated or executed such that the court could construe his pleading as a petition under 28 U.S.C. § 2241. Thus, to the extent that the present complaint seeks Diaz's release from custody based on

2

civil financing documentation, it will be dismissed as legally frivolous, pursuant to § 1915(e)(2)(B)(i).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 3rd day of January, 2009.

United States District Judge